IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JOSEPH THOMAS and INGRID THOMAS-JACKSON, individually and as personal representatives of the Estate of GILBERT THOMAS,<br><br>Plaintiffs,<br><br>v.<br><br>KIP a/k/a KIPPY a/k/a KID ROBERSON, individually and in his official capacity, and SMUGGLER'S AT MILL HARBOUR, LLC.,<br><br>Defendants.<br>_____ | Civil Action No. 2008-075 |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Terri L. Griffiths, Esq.,**
St. Croix, U.S.V.I.

**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I.
　　*For the Plaintiffs*

**Vincent A. Colianni, II, Esq.,**
St. Croix, U.S.V.I.
　　*For Defendant Kip Roberson*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

　　THIS MATTER is before the Court following an Order issued on June 3, 2013 (Dkt. No. 277), pursuant to Federal Rule of Civil Procedure 56(f), providing the parties with "notice and a reasonable time period to respond" regarding an issue raised *sua sponte* by the Court. Specifically, the Court directed the parties to brief the issue whether Plaintiffs could maintain a claim against Defendant Roberson in his individual capacity, pursuant to 42 U.S.C. § 1983, in view of the Court's prior finding that Defendant Roberson was not acting within the scope of his

employment when he committed the acts giving rise to this lawsuit. Upon consideration of the parties' briefing (Dkt. Nos. 279, 280, 281), the Court's review of the issue, and for the reasons that follow, the Court concludes that Plaintiffs can maintain their § 1983 claim against Defendant Roberson in his individual capacity.

## I. BACKGROUND

### A.   Procedural History

By Complaint filed on August 18, 2008 (Dkt. No. 1), Plaintiffs initiated this tort action to recover damages stemming from the April 18, 2008 shooting death of their son, Gilbert Thomas ("Thomas"). On March 13, 2009, Plaintiffs filed a Motion to Amend Complaint (Dkt. No. 20) and a proposed Amended Complaint (Dkt. No. 20-2) seeking to correct identifying information of two of the defendants named in the original Complaint. The Court granted the Motion and deemed the Amended Complaint filed on March 26, 2009. (Dkt. No. 22).

In their Amended Complaint, Plaintiffs allege that Kip Roberson, an Assistant Attorney General for the Government of the Virgin Islands (the "Government"), unlawfully and without provocation shot and killed Thomas at Smuggler's Cove Bar and Restaurant ("Smuggler's") on St. Croix, United States Virgin Islands. (Dkt. No. 20-2 at ¶¶ 3, 10). Plaintiffs further allege that at the time of the shooting on April 18, 2008, Defendant Roberson was under the influence of alcohol he had consumed at Smuggler's. (*Id.* at ¶ 11).

Plaintiffs' Amended Complaint contains one federal count and five counts arising under local law. In the federal count, Count II, Plaintiffs claim that Defendant Roberson "violated 42 U.S.C. [§] 1983 and the civil and human rights" of Thomas by wrongfully killing him "while acting under apparent color of authority as an employee of the Virgin Islands Department of Justice, Office of the Attorney General[.]" (*Id.* at ¶¶ 19-20). Plaintiffs also assert that at all times

mentioned in the Amended Complaint, Defendant Roberson was "acting under color of law, and within the scope of his employment with the Government of the Virgin Islands." (*Id.* at ¶ 3).

In the other counts, Plaintiffs contend that: (1) Defendant Roberson is liable for assault and battery and the wrongful death of Thomas (Count I); (2) Mill Harbour Condominium and Mill Harbour Condominium Association (the "Mill Harbour Defendants"), as well as Smuggler's, are liable under theories of negligence and premises liability for harboring Defendant Roberson and serving him alcohol while knowing or having reason to know that he possessed a firearm (Count III);[1] (3) the Government is liable for negligently hiring, retaining, training, and supervising Defendant Roberson (Count IV); (4) all defendants are liable for negligent and intentional infliction of emotional distress (Count V); and (5) all defendants are liable for punitive damages (Count VI).

After discovery was conducted, the Government filed a Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. No. 192), arguing that it should be dismissed from this action because: (1) the Government has not waived its sovereign immunity from tort actions stemming from conduct of its employees committed outside the scope of their employment; and (2) Defendant Roberson was acting outside the scope of his employment as a prosecutor when he shot Thomas. By Memorandum Opinion issued on June 3, 2013, the Court concluded that Defendant Roberson "was not acting within the scope of his employment with the Government when he shot Thomas" because "the undisputed evidence shows that at the time of the shooting, Defendant Roberson was not performing work assigned by the Government or engaging in a course of conduct subject to the Government's control."

---

[1] By Order dated April 17, 2013, the Court—at Plaintiffs' request and pursuant to Federal Rule of Civil Procedure 41(a)(2)—dismissed the Mill Harbour Defendants from this action with prejudice as a result of a settlement agreement reached with Plaintiffs. (Dkt. No. 273).

3

(Dkt. No. 276 at 13) (citation and internal quotation marks omitted). Accordingly, the Court granted the Motion and dismissed the Government from the action for lack of subject matter jurisdiction. (*Id.* at 28).[2]

In light of the Court's dismissal of the Government from the case, and the Court's authority under Federal Rule of Civil Procedure 56(f) to enter summary judgment independent of a motion from the parties after giving the parties notice and a reasonable time to respond, the Court issued an Order on June 3, 2013 directing the parties to brief a legal issue regarding the only claim of the Amended Complaint arising under federal law: Plaintiffs' § 1983 claim against Defendant Roberson. (Dkt. No. 277 at 2). In particular, the Court ordered the parties to brief the question whether Plaintiffs could maintain a claim against Defendant Roberson in his individual capacity pursuant to § 1983 in light of the Court's finding that Defendant Roberson was not acting within the scope of his employment when he shot Thomas.[3] The Court ordered the filing of simultaneous initial briefs by each party and permitted simultaneous responsive submissions.

---

[2] The Court also dismissed Count VI of the Amended Complaint because Virgin Islands law does not support an independent claim or count for punitive damages. (Dkt. No. 276 at 27) (citations omitted).

[3] The Court also noted that: (1) "officers of the Virgin Islands acting in their *official* capacity are not persons within the meaning of § 1983, and as a result, they may be sued for prospective injunctive relief but not money damages," (Dkt. No. 277 at 2) (citing *Magras v De Jongh*, 2013 U.S. Dist. LEXIS 25782, *15-16 (D.V.I. Feb. 26, 2013)); and (2) Plaintiffs' Amended Complaint seeks monetary damages, not prospective injunctive relief. (*Id.*). Plaintiffs responded by stating that "this is a correct statement of the law, but . . . does not apply to Plaintiffs['] suit against Defendant Roberson, with respect to the suit against him in his individual capacity." (Dkt. No. 280 at 9). The Court agrees, and will dismiss Plaintiffs' claim against Defendant Roberson in his *official* capacity, to the extent Plaintiffs seek to assert such a claim. For the reasons discussed below, the Court will not dismiss Plaintiffs' § 1983 claim against Defendant Roberson in his *individual* capacity.

4

In response to the Court's Order, the parties filed their initial briefs (Dkt. Nos. 279, 280), and Plaintiffs filed a responsive brief. (Dkt. No. 281). Because the time for further briefing by Defendant Roberson has expired, the matter is ripe for resolution.

**B.    Factual Background**[4]

In September 2007, Kip Roberson began his employment with the Government. Specifically, he was hired as an Assistant Attorney General with the Virgin Islands Department of Justice ("VIDOJ"). (Dkt. No. 238 at ¶ 23; Dkt. No. 202 at ¶ 24 n.3). In this position, Defendant Roberson's job duties consisted of prosecuting criminal cases for the VIDOJ and providing legal advice to law enforcement officers. (Dkt. No. 194 at ¶ 19; Dkt. No. 207 at ¶19; *see also* Dkt. No. 202-22 at 1 (noting that Defendant Roberson is a criminal prosecutor with the VIDOJ's Office of the Attorney General, which "performs the function of prosecuting criminal defendants and seeking to have them punished and/or imprisoned for criminal acts")).

On the evening of Friday, April 18, 2008, Defendant Roberson went to Smuggler's Cove Bar and Restaurant at the Mill Harbour Condominium development with his girlfriend, Suzanne Trepoy, to meet with friends. (Dkt. No. 194 at ¶¶ 1-2, 9-10; Dkt. No. 207 at ¶¶ 1-2, 9-10). While at Smuggler's, Defendant Roberson consumed alcohol—three servings of whiskey on the rocks and at least a portion of one beer. (Dkt. No. 194 at ¶ 11; Dkt. No. 207 at ¶ 11).

Around 10:00 p.m., an altercation broke out at Smuggler's. Kevin Scatliffe—an employee of Smuggler's who had worked that night in the kitchen with Thomas—grabbed and restrained Thomas, who was holding a pocket knife. Defendant Roberson intervened, grabbing Thomas by the throat. (Dkt. No. 202 at ¶ 43; Dkt. No. 202-4 at 46-48). Mr. Scatliffe and Defendant Roberson released Thomas after he dropped the knife. (Dkt. No. 202-4 at 46-48; Dkt.

---

[4] By Memorandum Opinion issued on June 3, 2013, the Court found the following facts to be undisputed.

No. 202-18 at 1-2). Thomas returned to the kitchen, retrieved two knives, and went in the direction of Defendant Roberson. (Dkt. No. 202 at ¶ 47; Dkt. No. 202-4 at 46-48). Defendant Roberson drew his .40 caliber Glock pistol and fired three shots, killing Thomas. (Dkt. No. 194 at ¶¶ 1, 3, 12; Dkt. No. 207 at ¶¶ 1, 3, 12; Dkt. No. 202 at ¶¶ 47-48).

## II. APPLICABLE LEGAL PRINCIPLES

On a motion for summary judgment, the movant must show that there is "no genuine dispute as to any material fact," such that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To be material, a fact must have the potential to alter the outcome of the case. *See Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). "[D]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (citation omitted). In adjudicating a summary judgment motion, the court must view the facts "in the light most favorable to the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "After the movant shows that there is no genuine issue for trial, the non-moving party then bears the burden of identifying evidence that creates a genuine dispute regarding material facts." *N. Hudson*, 455 F.3d at 475 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation and quotation marks omitted).

Pursuant to Federal Rule of Civil Procedure 56(f), the Court may also enter summary judgment independent of a motion from either party. Specifically, "[a]fter giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own

after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f).

### III. DISCUSSION

This matter presents the following question: whether Plaintiffs can maintain a claim against Defendant Roberson in his individual capacity pursuant to 42 U.S.C. § 1983 in light of the Court's finding that Defendant Roberson was not acting within the scope of his employment when he shot and killed Thomas. Defendant Roberson contends that the Court's finding that he was not acting within the scope of his employment is fatal to Plaintiffs' § 1983 claim (Dkt. No. 279 at 3), and Plaintiffs advance the contrary position. (Dkt. No. 280 at 4). As discussed below, the Court concludes that Plaintiffs can maintain such a claim because an individual need not act within the scope of his employment to be liable under § 1983.

"For a plaintiff to recover under § 1983, she must establish that the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988), and *Barna v. City of Perth Amboy*, 42 F.3d 809, 815 (3d Cir. 1994)); *Galena v. Leone*, 638 F.3d 186, 196-97 (3d Cir. 2011) ("For Galena to succeed in this action he had to satisfy the section 1983 requirement that a plaintiff show that the defendant acted under color of state law, and, while so

acting, deprived the plaintiff of his rights under the Constitution or laws of the United States.") (citing § 1983 and *West*, 487 U.S. at 48)).[5]

Here, the parties disagree as to whether Defendant Roberson can be said to have acted "under color of state law" under circumstances where—as the Court found here—he was not acting within the scope of his employment with the VIDOJ when he shot Thomas. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Barna*, 42 F.3d at 815-16 (quoting *West*, 487 U.S. at 49). As a result, "acts of a state or local employee in her official capacity will generally be found to have occurred under the color of state law." *Id.* at 816 (citations omitted); *see also Galena*, 638 F.3d at 197 ("Of course, there is no doubt that [Defendant] was acting under color of state law when, in his official capacity as chairperson of the Council, he ordered the deputy sheriff to escort [Plaintiff] from the Council meeting."). This is true whether or not "the complained of conduct was in furtherance of the state's goals or constituted an abuse of official power." *Barna*, 42 F.3d at 816 (citations omitted).

While demonstrating that a § 1983 defendant acted pursuant to his or her official job duties is one way to establish that he or she acted under color of state law, it is not the only way. As the Third Circuit explained, a defendant "who is without actual authority, *but who purports to*

---

[5] Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."

42 U.S.C. § 1983.

*act according to official power*, may also act under color of state law." *Barna*, 42 F.3d at 816 (emphasis added); *Griffin v. Maryland*, 378 U.S. 130, 135 ("If an individual is possessed of state authority and *purports to act under that authority*, his action is state action. It is irrelevant that he might have taken the same action had he acted in a purely private capacity.") (emphasis added); *see also Screws v. United States*, 325 U.S. 91, 111 (1945) ("It is [also] clear that under 'color' of law means under 'pretense' of law.").

The Supreme Court addressed this concept of purporting to act under state authority in *Griffin*, and concluded that a deputy sheriff who moonlighted as a security guard for an amusement park acted under color of state law when he ordered the plaintiff to leave the park, escorted him off the premises, and arrested him for criminal trespass. *Id.*, 378 U.S. at 135. While the Court found that he was actually acting as a private security guard and agent of the amusement park rather than as agent of the state, his acts nonetheless qualified as state action because he "purported to exercise the authority of a deputy sheriff" by "wearing a sheriff's badge and consistently identif[ying] himself as a deputy sheriff rather than as an employee of the park." *Id.* Similarly, the Third Circuit has found that "off-duty police officers who purport to exercise official authority will be found to have acted under color of state law," and noted that "[m]anifestations of such pretended authority may include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute involving others pursuant to a duty imposed by police department regulations." *Barna*, 42 F.3d at 816 (collecting cases).

In the instant case, Plaintiffs contend that the facts—when viewed in the light most favorable to them in this summary judgment context—establish that Defendant Roberson acted under color of law because he purported to act according to his official power as an Assistant

9

Attorney General for the VIDOJ. To support this contention, Plaintiffs point to the November 21, 2011 deposition of Defendant Roberson, in which he testified that as Thomas walked at a fast pace in his direction while holding two meat cleavers, Defendant Roberson drew his weapon and yelled "Department of Justice. I have a gun," before discharging his firearm. (*See* Dkt. No. 280 at 8).[6] Defendant Roberson testified that he also told Thomas "to stop or I would shoot," prior to discharging his weapon. (Dkt. No. 202-4 at 75). Plaintiffs also note that Defendant Roberson further testified at his deposition that he subjectively believed he was acting pursuant to his official duties when he shot Thomas. (Dkt. No. 280 at 8; Dkt. No. 202-4 at 10).

The Court agrees that Defendant Roberson's actions and statements are sufficient to establish that he acted under color of law by purporting to act according to his official authority as an employee of the Government. According to his sworn deposition testimony regarding the events immediately preceding the shooting, Defendant Roberson drew his firearm, identified himself as a member of the Department of Justice, stated that he was armed, and demanded that Thomas stop. Such invocation of authority is consistent with law enforcement practice. *See Stengel v. Belcher*, 522 F.2d 438, 441-42 (6th Cir. 1975) (noting, in the § 1983 context, the "poor judgment" of an off-duty police officer who intervened in a barroom brawl without first "announc[ing] to the participants the he was a police officer and demand[ing] that they desist in their altercation"). These facts also demonstrate that Defendant Roberson purported to act under the color of law.

Because Defendant Roberson purported to act under the authority of his Government employment, the fact that Defendant Roberson lacked the "actual authority" to intervene in this

---

[6] Upon further questioning on the issue, Defendant Roberson reiterated that he drew his pistol before yelling "Department of Justice. I've got a gun." (Dkt. No. 202-4 at 72-73).

barroom altercation—because he was a prosecutor, and was not charged with traditional law enforcement responsibilities—does not remove Defendant Roberson's conduct from the gambit of state action. *See Barna*, 42 F.3d at 816 (stating that a defendant "who is without actual authority, *but who purports to act according to official power*, may also act under color of state law") (emphasis added).[7]

Accordingly, the Court will not dismiss Plaintiffs' § 1983 claim against Defendant Roberson in his individual capacity. [8]

### IV.  CONCLUSION

For the reasons stated above, the Court finds that, although Defendant Roberson acted beyond the scope of his employment with the Government of the Virgin Islands when he shot Thomas, Plaintiffs can nonetheless maintain their § 1983 claim against Defendant Roberson in his individual capacity. Indeed, the facts viewed in the light most favorable to Plaintiffs demonstrate that Defendant Roberson acted under color of law by purporting to act pursuant to the authority of his position with the Government. The Court, therefore, will decline to enter summary judgment on Plaintiffs' § 1983 claim against Defendant Roberson in his individual

---

[7] In its Memorandum Opinion dated June 3, 2013, the Court discussed at length the difference between Defendant Roberson's actual job duties as a prosecutor and the law enforcement activities in which he engaged on April 18, 2008. (Dkt. No. 276 at 6-7, 11-24).

[8] Defendant Roberson asserts that because the Court found that Roberson was acting beyond the scope of his employment when he shot Thomas, the Court is bound by the "law of the case" to find that Roberson was not acting under the color of state law. (Dkt. No. 279 at 3). As discussed above, the two issues involve separate inquiries, and the Court may appropriately find based on the circumstances—as it does here—that Defendant Roberson was acting under the color of law even though he acted beyond the scope of his employment.

capacity. However, the Court will enter summary judgment on Plaintiffs' § 1983 claim against Defendant Roberson in his official capacity, to the extent they seek to assert one.[9]

An appropriate Order accompanies this Memorandum Opinion.

Date: August 16, 2013                                    _____/s/_____
                                                          WILMA A. LEWIS
                                                          Chief Judge

---

[9] While the caption to the Amended Complaint indicates that Defendant Roberson is being sued "individually and in his official capacity," the § 1983 count itself does not specify the capacity in which he is being sued. (*See* Dkt. No. 20-2).