## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

_____
                                                                      )

**JOSEPH THOMAS and INGRID** )
**THOMAS-JACKSON, individually** )
**and as personal representatives of the** )
**Estate of GILBERT THOMAS,** )
                                                                      )
            **Plaintiffs,** )
                                                                        )
            **v.** )                Civil Action No. 2008-075
                                                                        )
**KIP a/k/a KIPPY a/k/a KID ROBERSON,** )
**Individually and in his official capacity, and** )
**SMUGGLER'S AT MILL HARBOUR, LLC.,** )
                                                                      )
            **Defendants.** )
_____)

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Terri L. Griffiths, Esq.,**
St. Croix, U.S.V.I.

**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I.
      *For the Plaintiffs*

**Vincent A. Colianni, II, Esq.,**
St. Croix, U.S.V.I.
      *For Defendant Kip Roberson*

## **ORDER**

THIS MATTER is before the Court on Defendant's "Motion to File Consent Judgment Under Seal." (Dkt. No. 324). Defendant advises the Court that the parties have settled this case in mediation, and that the agreement they signed "provides for entry of a consent judgment in favor of plaintiffs," the purpose of which "is [to] ensure that the plaintiffs can enforce the settlement with minimal time and expense in the event of a breach." Defendant further advises the Court

that "[a] material provision of the settlement is that the terms remain confidential." Accordingly, Defendant seeks to have the consent judgment filed under seal. Plaintiffs do not object. (Dkt. No. 325). For the reasons that follow, the Court will deny Defendant's Motion.

The right of access to judicial records is "beyond dispute," and the Court maintains a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted). The party seeking to seal bears the "heavy burden" of showing that "disclosure will work a *clearly defined* and serious injury" to the party seeking seal. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (emphasis added). The presumption of openness may be overcome only by showing that closure is "essential to preserve higher values and is narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).

Defendant has not met the heavy burden required of him to seal the consent judgment. He argues that, if left unsealed, the consent judgment "would ultimately harm the public welfare" because he is an assistant attorney general who prosecutes felony cases in the Virgin Islands Superior Court, and "[t]here is a real danger that members of the public could construe the consent judgment as an admission of liability on the part of Roberson" and use the judgment "to undermine Roberson's credibility as a prosecutor." The Court finds that this argument is an insufficient basis upon which to rest the sealing of the consent judgment.

Although the consent judgment has not been submitted to the Court for its review, Defendant's articulation of the need to shield the document from public view does not convince the Court that such nondisclosure is warranted. The Court will not seal a consent judgment—if the parties choose of their own volition to file one—on the grounds that one party is a public

official. Nor does the claim of possible harm to the credibility of such an official, under the circumstances here, alter the Court's conclusion in that regard. The entirety of this case has been a matter of public record, and any resolution requiring Court action will be as well, unless the heavy burden for filing under seal is met. It has not been met here because Defendant has not shown that a "clearly defined and serious injury" will result if the parties choose to file a consent judgment and it remains on the public record. *Publicker*, 733 F.2d at 1071. Because the presumption in favor of openness has not been overcome, the Court will deny Defendant's Motion.

Accordingly, it is hereby

**ORDERED** that Defendant's "Motion to File Consent Judgment Under Seal." (Dkt. No. 324) is **DENIED**; and it is further

**ORDERED** that, unless and until this case is removed from the trial calendar, the case will proceed in accordance with the existing schedule. In that regard, the parties are reminded of, and shall adhere to, the following schedule, set forth in the Court's September 6, 2013 Trial Management Order (Dkt. No. 288), December 16, 2013 Order (Dkt. No. 320), and December 17, 2013 Order (Dkt. No. 322):

1. Plaintiffs shall file a brief in response to the § 1983 argument in Defendant's Trial Brief (Dkt. No. 318) no later than **December 23, 2013**.

2. The parties shall file their respective deposition designations and objections thereto no later than **December 30, 2013**.

3. The parties shall conduct *de bene esse* depositions of Dr. Harvey Mellish and/or J. Patrick Murphy no later than **December 28, 2013**.

4. The parties shall provide the Court with a transcript of the *de bene esse* depositions, the designations of the portions being offered, and any objections thereto no later than **January 2, 2014**.

5. By **8:00 a.m. on January 8, 2014**, the parties shall submit two tabbed binders of all proposed exhibits and electronic copies of all exhibits on a DVD/CD or USB flashdrive.

6. The trial of this matter shall begin at **9:30 a.m. on January 8, 2014**.
**SO ORDERED**.

Date:  December 20, 2013      _____/s/_____
                              WILMA A. LEWIS
                              Chief Judge